FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 23 1999
JAMES W. McCORMACK, CLERK
By: ______
DEPT. CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WELDON KING, WESLEY KING,
BILLY WILLIAMS, LEPOLEON SAMPLE,
and DARYL AIKMAN,

Plaintiffs,

V. NO. H-C-99-106

MIKE FLETCHER,

Defendant.

This case assigned to District Judge Howard
and to Magistrate Judge Forster

# COMPLAINT

## INTRODUCTORY STATEMENT

1. This is a civil action seeking damages for deprivations of the plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 for actions under color of law by an employee and agent of the State of Arkansas.

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.



DOCUMENT NUMBER
1
JAMES W. McCORMACK
CLERK OF COURT

## PARTIES

3. Weldon King is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

4. Wesley King is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

5. Billy Williams is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

6. Lepoleon Sample is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

7. Daryl Aikman is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

8. Wesley King and Weldon King d/b/a J.W.'s Paint and Body Shop established a used motor vehicle dealership at 437 Phillips 273 Road, Lexa, Phillips County, Arkansas.

9. Defendant Mike Fletcher was a lieutenant, Arkansas State Police, #1 State Police Plaza Drive, Little Rock, Arkansas 72209, at all times pertinent to this lawsuit and acting under color of law and as an agent and employee of the State of Arkansas.

## FACTS

10. Plaintiff Weldon King sold on or about September 11, 1997, a 1996 Chevrolet truck, VIN 2GCEC19M9T1191290, to A. Travis, d/b/a "Bedroom Warehouse" for $15,500. This vehicle was illegally seized in Phillips County, Arkansas, on May 6, 1998, by defendant Mike Fletcher, without warrant or probable cause. Defendant Fletcher allegedly seized said vehicle because he

claimed that the vehicle identification number (VIN) had been tampered with or obliterated in violation of Arkansas Code § 27-14-2201.

11. Plaintiffs Wesley King and Weldon King d/b/a J.W.'s Paint and Body Shop were then sued in Phillips County, Arkansas, Circuit Court, No. Civ. 98-145 by A. Travis d/b/a "Bedroom Warehouse" as a result of the illegal seizure by Mike Fletcher of said vehicle, paragraph 10 supra.

12. Plaintiff Wesley King on or about December 15, 1997, sold a 1996 GMC truck, VIN 1GTEC19R6TE553361, to Donald and Mary Berry for $15,500. This vehicle was illegally seized in Phillips County, Arkansas, on or about September 14, 1998, by defendant Mike Fletcher without warrant or probable cause. The vehicle had been purchased by Wesley King from his brother Weldon King, who had purchased on or about July 25, 1997, the vehicle from Pat Kelly d/b/a Pat Kelly's Auto Sales.

13. Donald and Mary Berry then sued defendant Mike Fletcher, No. CIV 98-243, Circuit Court Phillips County, Arkansas, as a result of the illegal seizure of their 1996 GMC truck as alleged in paragraph 12, supra. This vehicle was a damaged motor vehicle, reconstructed by Weldon King. The vehicle was eventually returned or restored after an order of restoration was entered June 4, 1999; however, plaintiff Wesley King suffered damages because of this illegal seizure and dentention.

14. Plaintiff Weldon King, on or about November 5, 1997, sold a 1996 Chevrolet truck, VIN 1GNSC13WIT2202083 to Ann Spurgers for $11,000. This vehicle was illegally seized in Phillips County, Arkansas, April 15, 1998, by defendant Mike Fletcher without warrant or probable cause. Weldon King then paid Spurgers $11,000 because of the controversy and sued Mike Fletcher for damages, No. CIV-98-223, Phillips County, Arkansas, Circuit Court and the suit is pending.

15. On or about March 24, 1998, Mike Fletcher illegally seized in Phillips County, Arkansas, a 1996 GMC truck, VIN IGYEK19R7TE535809, from Weldon King without warrant or probable cause. Plaintiff Weldon King then filed suit in the Circuit Court of Phillips County, Arkansas, No. civ-98-223, against the said Mike Fletcher, and an order was entered to return the vehicle to Weldon King but to date the vehicle has not been returned.

16. On or about May 15, 1998, the defendant Mike Fletcher illegally seized a 1994 Chevrolet truck from plaintiff Lepoleon Sample. This vehicle had been purchased by Sample from Charles Cagle. Although the vehicle has since been returned, the plaintiff Sample suffered damages to the vehicle of $500 and loss of use for seven (7) months. The seizure was without warrant or probable cause.

17. On or about May 15, 1998, defendant Fletcher illegally seized a 1993 GMC truck, VIN 1GTDC14ZXPZ500695 from plaintiff Billy Williams. This vehicle had been purchased in 1996 by Williams from Charles Cagle. The seizure was without warrant or probable cause. On December 9, 1998, an order was entered in the Circuit Court of Phillips County, Arkansas, No. CIV-98-203, to return this vehicle. The loss of use was about six months.

18. Plaintiff Wesley King, on or about March 16, 1998, sold a 1992 Chevrolet truck, VIN 2GCEC19KXN1260862, to Thomas R. Aikman or Daryl Thomas Aikman for $9,000. This vehicle was illegally seized in Phillips County, Arkansas, by defendant Mike Fletcher, Arkansas State Police, on or about May 27, 1998. The vehicle was seized upon the false belief that the vehicle was contraband because allegedly the serial number was mutilated in violation of Arkansas Code § 27-14-2212. However, this vehicle was sold to Aikman as a "previously damaged vehicle" and was rebuilt salvage by Wesley King.

19. Daryl Aikman then filed suit, No. CIV 98-162, Circuit Court of Phillips County, Arkansas, and obtained the return of his 1992 Chevrolet vehicle by Order entered December 14, 1998.

20. These said vehicles were seized unreasonably and illegally by Mike Fletcher in violation of the Fourth and Fourteenth Amendments without due process, without warrant, judicial process or probable cause. These vehicles had been damaged and rebuilt as salvage and were not stolen or contraband or otherwise seizable under law. The said Mike Fletcher engaged in an illegal rampage or course of conduct and either was grossly reckless or intentional when he seized said vehicles and engaged in racketeering violating plaintiffs' constitutional rights.

21. The said Mike Fletcher slandered and defamed plaintiffs Weldon King and Wesley King, accusing them of "stealing" or knowingly selling "stolen vehicles" and broadcast said claims to third persons intentionally or with malice, injuring their business reputation as well as their personal reputations.

## COUNT I
## SEIZURE OF PLAINTIFF'S PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Come now the plaintiffs and for Count I of their Complaint against defendant Mike Fletcher and state:

22. Plaintiff incorporates by this reference the allegations contained in paragraphs 1-18 of this Complaint as though fully set forth herein.

23. The acts and conduct of defendant as aforedescribed constituted an unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution as protected pursuant to 42 U.S.C. § 1983.

24. These seizures deprived the plaintiffs of their property in violatiaon of Fourteenth Amendment Due Process.

25. Plaintiff Weldon King has suffered damages in the estimated approximate amount of One Million Dollars ($1,000,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendant and the deprivations of his constitutional rights.

26. Plaintiff Wesley King has suffered damages in the estimated approximate amount of One Million Dollars ($1,000,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendant and the deprivations of his constitutional rights.

27. Plaintiff Billy Williams has suffered damages in the estimated approximate amount of Two Hundred and Fifty Thousand Dollars ($250,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendant and the deprivations of his constitutional rights.

28. Plaintiff Lepoleon Samples has suffered damages in the estimated approximate amount of Two Hundred and Fifty Thousand Dollars ($250,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendant and the deprivations of his constitutional rights.

29. Plaintiff Daryl Aikman has suffered damages in the estimated approximate amount of Two Hundred and Fifty Thousand Dollars ($250,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendant and the deprivations of his constitutional rights.

30. The acts of defendant as aforedescribed were intentional, wanton, malicious and oppressive, thus entitling plaintiffs to an award of punitive damages against the individually named defendant.

31. If plaintiffs are successful against defendant, plaintiffs are entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE plaintiffs pray judgment against Mike Fletcher in an amount which is just and reasonable under the circumstances, and for punitive damages and for attorneys fees and costs.

COUNT II
SPOILATION OR DESTRUCTION OF EVIDENCE
UNDER FEDERAL LAW

32. Defendant Mike Fletcher wrongfully destroyed said vehicles or parts, thereof, or disposed of said vehicles or parts forever in violation of Fourteenth Amendment Due Process, and they incorporate by reference all of the allegations contained in paragraph 1 through 21 of this Complaint as though fully set forth herein, to wit, 1992 Chevrolet truck (Daryl Aikman), removed VIN number; 1993 Chevrolet truck (Billy Williams) removed VIN number and disassembled the vehicle; 1996 GMC truck (Donald and Mary Berry), vehicle disappeared but was reacquired with the VIN number

removed; 1996 GMC truck (Weldon King) removed VIN number and Mike Fletcher sold illegally the vehicle to a third party; and 1996 Chevrolet truck (A. Travis) disappeared.

33. These vehicles were evidence of Weldon King's and Wesley King's innocence if charged criminally such that they could defend themselves and also clear their name(s). These vehicles were also evidence of the constitutional violations alleged herein. These vehicles were therefore exculpatory evidence, and the parts thereof, and the government agents, including Mike Fletcher, had a duty to preserve this evidence as it is the duty of such agents to seek justice, not conviction.

34. If Plaintiffs are successful against defendant, they are entitled to damages and an award of attorney fees pursuant to 42 U.S.C. § 1988.

COUNT III
CONVERSION
COGNIZABLE UNDER ARKANSAS STATE LAW

35. Plaintiffs allege that the defendant Mike Fletcher wrongfully seized and converted said vehicles, as stated above, and incorporate herein by reference as well all of the allegations contained in paragraph 1 through 21 of this Complaint as though fully set forth herein. Plaintiffs Weldon King and Wesley King believe and further state and therefore allege that Fletcher had no basis in fact or law to seize the 1996 Chevrolet pickup truck, VIN 2GCEC19M9T1191390 from A. Travis. Said vehicle was sold by Weldon King to Travis on or about September 11, 1997, in good faith. Said vehicle was sold and represented to A. Travis as containing previous damage. Weldon King purchased the salvaged vehicle from Patrick Kelly d/b/a Pat Kelly's Auto Sales. Weldon King then rebuilt said vehicle.

36. Fletcher without explanation and without due process, acting as an officer for the State of Arkansas and under color of law, intentionally and maliciously seized this vehicle from A. Travis without a warrant or court order and without probable cause.

37. At all times referred to herein, Fletcher acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Arkansas and pursuant to his authority as an employee of the Arkansas State Police. Neither Wesley King, Weldon King, nor A. Travis has ever been charged as a result of the seizure of this vehicle.

38. The improper seizure of the subject vehicle from A. Travis, d/b/a Bedroom Warehouse, by Fletcher without due process of law constituted the intentional tort of conversion as well as violated the Civil Rights Act amended and codified in 42 U.S.C. and the Arkansas Civil Rights Act as codified in the Arkansas Code Annotated § 16-123-105.

39. As a direct and proximate result of the intentional and malicious seizure of this subject vehicle, Weldon King and Wesley King were sued by Travis, and incurred damages to the extent that they may owe Travis Sixteen Thousand Two Hundred Twenty-Four Dollars and Twenty-Four Cents ($16,224.24) for the purchase price and taxes on the vehicle sold to Travis, plus further damages for the loss of the use of the vehicle, for court costs, and attorney's fee, and for punitive damages. Moreover, Weldon King and Wesley King have sustained damage to their good name(s) and business reputation and they have incurred attorney's fees to defend the civil lawsuit that was filed against them.

40. The acts of Fletcher as aforedescribed in wrongfully seizing and taking the subject vehicle from Travis were recklessly and callously indifferent to Travis's constitutional right to own and possess property, and Weldon King's and Wesley King's right to sell property and make a living, and thus, Weldon King and Wesley King are entitled to recover in addition to the damages listed above

an award of punitive damages against Fletcher to deter him and others from like conduct in the future.

41. Pursuant to Arkansas and Federal law, if successful, the Kings are entitled to recover their costs and a reasonable attorney's fee.

42. In the event either Wesley King or Weldon King is obligated to pay anything to Travis, then Wesley King and Weldon King are also entitled to indemnity, contribution, and/or subrogation from Fletcher.

43. Plaintiffs further allege that each of the other vehicles described herein above were also wrongfully seized and converted without due process of law and the improper seizure constituted also the intentional tort of conversion as well as civil rights violations.

44. These plaintiffs are also entitled to damages and costs including reasonable attorney's fee.

WHEREFORE, plaintiffs, and each, pray judgment against defendant Mike Fletcher in an amount which is just and reasonable under the circumstances and for attorneys fees and costs.

JURY DEMANDED.

Respectfully submitted,

Edw W. Chandler

Edward Witt Chandler
TN B.P.R. No. 8820
Post Office Box 589
Mountain Home, Arkansas 72654
870-425-1343 Voice
870-425-1462 Fax