FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 2001

JAMES W McCORMACK, CLERK
By: ____________
DEP. CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| WELDON KING, WESLEY KING, BILLY WILLIAMS, LEPOLEON SAMPLE, DARYL AIKMAN, A. L. TRAVIS, BARRY SPURGERS, DONALD BERRY, and MARY BERRY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 2:99CV00106 |
| MIKE FLETCHER, individually, BARRY ROY, individually, SCOTT RUSSELL, individually and in his official capacity, PHILLIPS COUNTY, ARKANSAS, STATE FARM MUTUAL INSURANCE COMPANY, MELVIN SNYDER and MIKE SNYDER | ) | |
| Defendants. | ) | |



59

## AMENDED COMPLAINT
## (JURY TRIAL DEMANDED)

## INTRODUCTORY STATEMENT

1. This is a civil action seeking damages for deprivations of the plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983 for actions under color of law by Lt. Mike Fletcher individually as an employee and agent of the State of Arkansas but not in his official capacity and others.

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343 and 28 U.S.C. Section 1331. Plaintiffs further invoked the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

3. Weldon King is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

4. Wesley King is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

5. Billy Williams is, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America.

6. Lepoleon Sample is, and at all times pertinent hereto a resident of Phillips County,

Arkansas, and a citizen of the State of Arkansas and the United States of America.

7. Daryl Aikman was, and at all times pertinent hereto a resident of Phillips County, Arkansas, and a citizen of the State of Arkansas and the United States of America. He now lives in Paragould, Arkansas.

8. Wesley King and Weldon King d/b/a J. W.'s Paint and Body Shop established a used motor vehicle dealership at 437 Phillips 273 Road, Lexa, Phillips County, Arkansas.

9. A. L. "Butch" Travis is and at all times pertinent hereto is a resident of Phillips County, Arkansas and a citizen of the State of Arkansas and the United States of America.

10. Barry Spurgers is and at all times pertinent hereto is a resident of Phillips County, Arkansas and a citizen of the State of Arkansas and the United States of America.

11. Donald Berry is and at all times pertinent hereto is a resident of Phillips and then Cross County, Arkansas and a citizen of the State of Arkansas and the United States of America.

12. Mary Berry is and at all times pertinent hereto is a resident of Phillips and then Cross County, Arkansas and a citizen of the State of Arkansas and the United States of America.

13. Defendant Mike Fletcher was a lieutenant, Arkansas State Police, #1 State Police Plaza Drive, Little Rock, Arkansas 72209, at all times pertinent to this lawsuit and acting under color of law and as an agent and employee of the State of Arkansas, but he is sued "individually" and not in his official capacity.

14. Defendant Barry Roy, Arkansas State Police, was at all times pertinent to this lawsuit acting under color of law and as an agent and employee of the State of Arkansas but he is also sued "individually" and not in his official capacity.

15. Defendant Scott Russell was a deputy sheriff for Phillips County, Arkansas and

at all times pertinent to this lawsuit was acting under color of law and as an agent and employee of the State of Arkansas and he is sued "individually" and in his official capacity as an agent of Phillips County, Arkansas.

16. Defendant Phillips County, Arkansas is a county of the State of Arkansas and acted through its Sheriff and its deputies including Scott Russell and the acts and conduct of the then Sheriff Kenneth Winfrey are attributable to the defendant Phillips County and represent the policy of Phillips County.

17. Defendant State Farm Insurance Company is a corporation organized under the law of the State of Illinois and authorized and doing business in Arkansas and all of the states.

18. Defendant Melvin Snyder owns and operates Snyder Automotive, 804 Biscoe, Helena, Arkansas and controls the employees thereof and acted under color of law as a co-conspirator and tortfearor in the conversion of the seized vehicles.

19. Defendant Mike Snyder was an employee of Snyder Automotive and aided, assisted his father Melvin Snyder under color of law as a co-conspirator and tortfearor in the conversion of the seized vehicles.

## FACTS

20. Plaintiff Weldon King sold on or about September 11, 1997, a 1996 Chevrolet truck, VIN 2GCEC19M9T1191290 to A. L. Travis, d/b/a "Bedroom Warehouse" for $15,500. This vehicle was illegally seized in Phillips County, Arkansas on May 6, 1998, by defendant Mike Fletcher, without warrant or probable cause. Defendant Fletcher allegedly seized said vehicle because he claimed that the vehicle identification number (VIN) had been tampered with

or obliterated in violation of Arkansas Code Section 27-14-2201.

21. Plaintiffs Wesley King and Weldon King d/b/a J. W.'s Paint and Body Shop were then sued in Phillips County, Arkansas, Circuit Court, No. Civ. 98-145 by A. L. Travis d/b/a "Bedroom Warehouse" as a result of the illegal seizure by Mike Fletcher of said vehicle, paragraph 10 supra, and suffered damages as well as plaintiff A. L. Travis.

22. Plaintiff Wesley King on or about December 15, 1997, sold a 1996 GMC truck, VIN IGTEC19R6TE553361. to Donald and Mary Berry for $15,500. This vehicle was illegally seized in Phillips County, Arkansas, on or about September 14, 1998, by defendant Mike Fletcher without warrant or probable cause. The vehicle had been purchased by Wesley King from his brother Weldon King, who had purchased it on or about July 25, 1997, the vehicle from Pat Kelly d/b/a Pat Kelly's Auto Sales.

23. Donald and Mary Berry then sued Mike Fletcher, No. CIV 98-243, Circuit Court Phillips County, Arkansas, as a result of the illegal seizure of their 1996 GMC truck as alleged in paragraph 12, supra. This vehicle was a damaged motor vehicle, reconstructed by Weldon King. The vehicle was eventually returned or restored after an order of restoration was entered June 4, 1999; however, plaintiff Wesley King suffered damages because of this illegal seizure and detention as well as plaintiffs Donald and Mary Berry.

24. Plaintiff Weldon King, on or about November 5, 1997, sold a 1996 Chevrolet truck, VIN 1GNSC13WIT2202083 to Barry Spurgers for $11,000. This vehicle was illegally seized in Phillips County, Arkansas, April 15, 1998, by defendant Mike Fletcher without warrant or probable cause. Weldon King then paid Spurgers $11,000 because of the controversy and sued Mike Fletcher for damages, No. CIV-98-223, Phillips County, Arkansas, Circuit Court and the

suit is no longer pending. Plaintiff Weldon King and plaintiff Barry Spurgers were both damaged.

25. On or about March 24, 1998, Mike Fletcher illegally seized in Phillips County, Arkansas, a 1996 GMC truck, VIN IGYEK19R7TE535809, from Weldon King without warrant or probable cause. Plaintiff Weldon King then filed suit in the Circuit Court of Phillips County, Arkansas, No. civ-98-223, against the said Mike Fletcher, and an order was entered to return the vehicle to Weldon King but to date the vehicle has not been returned.

26. On or about May 15, 1998, the defendant Mike Fletcher illegally seized a 1994 Chevrolet truck VIN #2GCEC19K7R1108155 from plaintiff Lepoleon Sample. This vehicle had been purchased by Sample from Charles Cagle. Although the vehicle has since been returned, the plaintiff Sample suffered damages to the vehicle of $500 and loss of use for seven (7) months. The seizure was without warrant or probable cause.

27. On or about May 15, 1998, defendant Fletcher illegally seized a 1993 GMC truck, VIN IGTDC14ZXPZ500695 from plaintiff Billy Williams. This vehicle had been purchased in 1996 by Williams from Charles Cagle. The seizure was without warrant or probable cause. On December 9, 1998, an order was entered in the Circuit Court of Phillips County, Arkansas, No. CIV-98-203, to return this vehicle. The loss of use was about 15 months.

28. Plaintiff Wesley King, on or about March 16, 1998, sold a 1992 Chevrolet truck, VIN 2GCEC19KXN1260862, to Daryl Thomas Aikman for $9,000. This vehicle was illegally seized in Phillips County, Arkansas, by defendant Mike Fletcher, Arkansas State Police, on or about May 27, 1998. The vehicle was seized upon the false belief that the vehicle was contraband because allegedly the serial number was mutilated in violation of Arkansas Code

Section 27-14-2212. However, this vehicle was sold to Aikman as a "previously damaged vehicle" and was rebuilt salvage by Wesley King.

29. Daryl Aikman then filed suit, No. CIV 98-162, Circuit Court of Phillips County, Arkansas, and obtained the return of his 1992 Chevrolet vehicle by Order entered December 14, 1998.

30. These said vehicles were seized unreasonably and illegally by Mike Fletcher and Barry Roy acting under color of law in violation of the Fourth and Fourteenth Amendments without due process, without warrant, judicial process or probable cause. These vehicles had been damaged and rebuilt as salvage and were not stolen or contraband or otherwise seizable under law. The said Mike Fletcher, Barry Roy, and others engaged in an illegal rampage or course of conduct and were grossly reckless, and deliberately indifferent or intentionally violated constitutional rights when they seized said vehicles and engaged in racketeering violating plaintiffs' constitutional rights.

31. The defendant Scott Russell acting also under color of law as a deputy of the defendant Phillips County, Arkansas seized said vehicles in violation of the Fourth and Fourteenth Amendments of the United States Constitution without due process, without warrant, judicial process or probable cause.

32. The defendant Phillips County had a policy of seizing motor vehicles upon mere suspicion or less than probable cause established by the then Sheriff Kenneth Winfrey or policymaker.

33. The initial seizure of said vehicles included the continuing seizure or unlawful detention of said vehicles over a period of months and said vehicles were damaged or disappeared and were never returned to the owners or persons in lawful possession. There was a loss of use as to each vehicle.

34. Defendant Melvin Snyder owns and operates a business known as "Snyder Automotive," 804 Biscoe, Helena, Arkansas and took in for storage the vehicles seized by Lt. Fletcher and others and held and disposed of vehicles without process of law while acting under color of law. Defendant Melvin Snyder and his employee Defendant Mike Snyder aided Defendant Lt. Fletcher and others in removing numbers and identification devices from said vehicles, physically or with a torch.

35. The defendant, PHILLIPS COUNTY, ARKANSAS is a county in the state of Arkansas and acted through its elected sheriff, and the acts and conduct of the sheriff are attributable to the defendant PHILLIPS COUNTY and represent the policy of PHILLIPS COUNTY.

36. The practice of seizure of vehicles based upon mere suspicion, was a policy of PHILLIPS COUNTY established by the Sheriff as policymaker.

37. There are no state actions pending as to any of the seized vehicles, no legal proceedings, and there is no adequate remedy under state law to aggrieve the injuries or damages of plaintiffs.

COUNT I

SEIZURE OF PLAINTIFF'S PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Come now the plaintiffs and for Count 1 of their Complaint against defendants state:

38. Plaintiffs incorporate by this reference the allegations contained in paragraphs 37 of this Complaint as though fully set forth herein.

39. The acts and conduct of defendants as aforedescribed constituted an unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution as protected pursuant to 42 U.S.C. Section 1983.

40. These seizures deprived the plaintiffs of their property in violation of Fourteenth Amendment Due Process.

41. Plaintiff Weldon King has suffered damages in the estimated approximate amount of One Million Dollars ($1,000,000.00) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendants and the deprivations of his constitutional rights.

42. Plaintiff Wesley King has suffered damages in the estimated approximate amount of One Million Dollars ($1,000,000.00) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendants and the deprivations of his constitutional rights.

43. Plaintiff Billy Williams has suffered damages in the estimated approximate amount of Two Hundred and Fifty Thousand Dollars ($250,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendants and the

deprivations of his constitutional rights.

44. Plaintiff Lepoleon Samples has suffered damages in the estimated approximate amount of Two Hundred and Fifty Thousand Dollars ($250,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendants and the deprivations of his constitutional rights.

45. Plaintiff Daryl Aikman has suffered damages in the estimated approximate amount of Two Hundred and Fifty Thousand Dollars ($250,000) plus he has suffered and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendant and the deprivations of his constitutional rights.

46. Plaintiffs A. L. "Butch" Travis, Barry Spurgers and Donald and Mary Berry suffered damages in the estimated approximate amount of One Million Dollars ($1,000,000.00) and, each of them, and will continue to suffer mental anguish and emotional distress as a result of the conduct of defendants and the deprivation of constitutional rights.

47. The acts of defendant as aforedescribed were deliberately indifferent or intentional, wanton, malicious and oppressive, thus entitling plaintiffs to an award of punitive damages against the individually named defendants.

48. If plaintiffs are successful against defendants, plaintiffs are entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

49. The policy of PHILLIPS COUNTY established by then Sheriff Kenneth Winfrey was to inspect and then seize motor vehicles including the vehicles seized herein based upon mere suspicion. The acts of defendant SCOTT RUSSELL and then SHERIFF WINFREY as policymaker are attributable to defendant PHILLIPS COUNTY and they acted in deliberate

indifference to the constitutional and civil rights of the plaintiffs in seizing the said motor vehicles.

WHEREFORE plaintiffs pray judgment against defendants as stated in an amount which is just and reasonable under the circumstances, and for punitive damages and for attorneys' fees and costs, and jointly and severally, and against defendant PHILLIPS COUNTY for ONE MILLION DOLLARS ($1,000,000.00) compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) punitive damages plus costs of this action, attorneys' fees and such other relief as the Court deems fair and appropriate under the circumstances.

COUNT II

SPOILATION OR DESTRUCTION OF EVIDENCE
UNDER FEDERAL LAW

50. Defendants wrongfully destroyed said vehicles or parts, thereof, or disposed of said vehicles or parts forever in violation of Fourteenth Amendment Due Process, and they incorporate by reference all of the allegations contained in paragraph 1 through 37 of this Complaint as though fully set forth herein, to wit, 1992 Chevrolet truck (Daryl Aikman), removed VIN number; 1993 Chevrolet truck (Billy Williams) removed VIN number and disassembled the vehicle; 1996 GMC truck (Donald and Mary Berry), vehicle disappeared but was reacquired with the VIN number removed; 1996 GMC truck (Weldon King) removed VIN number and Mike Fletcher sold illegally the vehicle to a third party; and 1996 Chevrolet truck (A. Travis) disappeared.

51. These vehicles were evidence of Weldon King's and Wesley King's innocence if they charged criminally such that they could defend themselves and also clear their name(s). These vehicles were also evidence of the constitutional violations alleged herein. These vehicles were therefor exculpatory evidence, and the parts thereof, and the defendants had a duty to preserve this evidence as it is the duty of such agents to seek justice, not conviction.

52. If plaintiffs are successful against defendants they are entitled to damages and an award of attorney fees pursuant to 42 U.S.C. Section 1988.

WHEREFORE, plaintiffs pray judgment against said defendants in an amount which is just and reasonable under the circumstances and for punitive damages and for attorney fees and costs.

COUNT III

CONVERSION
COGNIZABLE UNDER ARKANSAS STATE LAW

53. Plaintiffs allege that the defendants wrongfully seized and converted said vehicles, as stated above, and incorporate herein by reference as well all of the allegations contained in paragraph 1 through 37 of this Complaint as though fully set forth herein. Plaintiffs Weldon King and Wesley King believe and further state and therefor allege that defendants had no basis in fact or law to seize the 1996 Chevrolet pickup truck, VIN 2GCEC19M9T1191290 from A. L. Travis. Said vehicle was sold by Weldon King to Travis on or about September 11, 1997, in good faith. Said vehicle was sold and represented to A. L. Travis as containing previous damage. Weldon King purchased the salvaged vehicle from Patrick Kelly d/b/a Pat Kelly's Auto Sales. Weldon King then rebuilt said vehicle.

54. Defendants without explanation and without due process, acting as an officer for the State of Arkansas and under color of law, intentionally and maliciously seized this vehicle from A. L. Travis without a warrant or court order and without probable cause.

55. At all times referred to herein, Fletcher, Roy and Russell acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Arkansas and pursuant to their authority as employees of the Arkansas State Police Fletcher and Roy, and Russell, Phillips County. Neither Wesley King, Weldon King, nor A. L. Travis has ever been charged as a result of the seizure of this vehicle.

56. The improper seizure of the subject vehicle from A. L. Travis, d/b/a Bedroom Warehouse by defendants without due process of law constituted the intentional tort of

conversion as well as violated the Civil Rights Act amended and codified in 42 U.S.C. and the Arkansas Civil Rights Act as codified in the Arkansas Code Section 16-123-105.

57. As a direct and proximate result of the intentional and malicious seizure of this subject vehicle, Weldon King and Wesley King were sued by Travis, and incurred damages to the extent that they may owe Travis Sixteen Thousand Two Hundred Twenty-Four Dollars and Twenty-Four Cents ($16,224.24) for the purchase price and taxes on the vehicle sold to Travis, plus further damages for the loss of the use of the vehicle, for court costs, and attorney's fees, and for punitive damages. Moreover, Weldon King and Wesley King have sustained damage to their good name(s) and business reputation and they have incurred attorney's fees to defend the civil lawsuit that was filed against them, but that lawsuit has been terminated.

58. The acts of defendants as aforedescribed in wrongfully seizing and taking the subject vehicle from Travis were recklessly and callously indifferent to Travis' constitutional right to own and possess property, and Weldon King's and Wesley King's right to sell property and make a living, and thus, Weldon King and Wesley King are entitled to recover in addition to the damages listed above an award of punitive damages against Fletcher to deter him and others from like conduct in the future.

59. Pursuant to Arkansas and Federal law, if successful, the Kings are entitled to recover their costs and a reasonable attorney's fee.

60. In the event either Wesley King or Weldon King is obligated to pay anything to Travis, then Wesley King and Weldon King are also entitled to indemnity, contribution, and/or subrogation from Fletcher.

61. Plaintiffs further allege that each of the other vehicles described herein above were also wrongfully seized and converted by defendants without due process of law and the improper seizure constituted also the intentional tort of conversion as well as civil rights violations.

62. The 1996 Chevrolet truck, VIN 2GCEC19M9T111290, illegally held by State Farm Mutual Insurance Company in storage in Memphis, Tennessee at Southern Auto Salvage, ___ Jackson Avenue, or elsewhere is the vehicle seized in Phillips County, Arkansas by Lt. Fletcher May 6, 1998, and others, property of A. L. Travis, sold to Travis by Weldon and Wesley King. Defendant State Farm Mutual Insurance Company refuses to return said vehicle after demand. Said vehicle is being unlawfully held by State Farm Mutual Insurance Company and Travis has suffered a loss of use of his vehicle and possession of his property from said conversion and demands its return.

63. Defendants Melvin Snyder and Mike Snyder aided and assisted these law enforcement officers, Lt. Fletcher, and other officers, acting under color of law, in the wrongful seizure, detention by seizure and release of said vehicles, constituting the intentional tort of conversion as well as civil rights violation.

64. These plaintiffs are also entitled to damages and costs including reasonable attorney's fee.

**WHEREFORE**, plaintiffs pray judgment against said defendants is an amount which is just and reasonable, and for punitive damages and for attorneys' fees and costs and a return of the vehicle held by State Farm Mutual Insurance Company to plaintiff A. L. Travis.

COUNT IV

CONSPIRACY COGNIZABLE UNDER
ARKANSAS STATE LAW

Comes now Plaintiffs and for Count IV of this cause of action state:

65. The purpose of this conspiracy was to seize vehicles based upon mere suspicion in violation of the constitutional rights of plaintiffs.

66. The further purpose of this conspiracy was to illegally take said vehicles by conversion and for the defendants to profit or gain from said seizures in money or otherwise.

67. As a direct and proximate result of the state tort of conspiracy Plaintiffs, and each of them, suffered economic and monetary damages. The precise value of such loss has not, at this time, been precisely determined, but is estimated to equal $_____________.

68. The Defendants conspired against Plaintiffs in violation of the law of the State of Arkansas and each of the averments contained in paragraphs 1 through 37, as though each were fully set forth herein, are incorporated herein by reference.

69. Said Defendants conspired by pretending to have authority for the said seizure of vehicles and intimidate citizens with an unlawful show of authority and force.

70. Said Defendants and each of them conspired and made false, malicious, and deceitful statements about Plaintiffs.

71. There existed such a conspiracy from March, 1998, up to and after the original complaint was filed June 23, 1999, and thereafter.

72. Plaintiffs have lost the use of their vehicles and/or the vehicle itself, lost employment or income and Plaintiffs have endured unwarranted loss of standing and reputation in the Helena community and have incurred attorney fees and expenses to defend themselves in

their lawsuits. Each Plaintiff has endured extreme mental distress which should not be expected to be endured by any person in a civilized society, for all of which they should be, and each of them, awarded compensatory and punitive damages against said Defendants.

**WHEREFORE**, Plaintiffs pray judgment for compensatory damages of ONE MILLION ($1,000,000.00), each, against the Defendants, jointly and individually for the intentional tort of conversion and conspiracy to deprive them of their property and their constitutional rights and civil rights.

COUNT V

SLANDER
COGNIZABLE UNDER ARKANSAS STATE LAW

For cause of action against individual defendant Mike Fletcher "individually," plaintiffs further state:

73. After this lawsuit was filed on June 23, 1999, a few days later or thereabout, the defendant Mike Fletcher slandered the plaintiffs with intentional false statements to Kristen Everett of the Arkansas Democrat-Gazette and/or others that were materially false and misleading and were published by Kristen Everett on or about June 25, 1999, in the Arkansas Democrat-Gazette. These were false and malicious statements and the substance of these statements charged or accused the plaintiffs of "changing VIN numbers" and "grinding out serial numbers" and reselling stolen cars.

These false, scandalous, malicious defamatory statements are not even substantially true and were in malicious retaliation for the filing of this lawsuit and accused the plaintiffs of felonious conduct or criminal behavior.

73. As a direct and proximate result of these slanderous statements, the plaintiffs suffered damages, pain and suffering, emotional distress and damage to their personal and professional reputation in the community and will continue in the future to suffer such damage.

74. The acts and conduct of the individual defendant Mike Fletcher was intentional and malicious and, therefore, plaintiffs are entitled also to an award of punitive damages.

WHEREFORE, plaintiffs pray judgment for compensatory damages of ONE MILLION ($1,000,000.00), each, against the defendants, jointly and individually for the intentional tort of conversion and conspiracy to deprive them of constitutional rights.

**JURY DEMANDED**.

Respectfully submitted,

Edward Witt Chandler
P.O. Box 589
Mountain Home, Arkansas 72654
870-425-9374

CERTIFICATE OF SERVICE

I, certify that a copy of the foregoing amended complaint was forwarded to Ms. Sherri L. Robinson, Assistant Attorney General, 200 Tower Building, 323 Center Street, Little Rock, Arkansas 72201, by depositing in the United States Mail, first class postage prepaid, this 19th day of Feb., 2001.

Edward Witt Chandler

loj

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

May 4, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re: 2:99-cv-00106.

True and correct copies of the attached were mailed by the clerk to the following: press, file

Sherri L. Robinson, Esq.
Arkansas Attorney General's Office
Catlett-Prien Tower Building
323 Center Street
Suite 200
Little Rock, AR 72201-2610

Edward Witt Chandler, Esq.
Attorney at Law
Post Office Box 589
Mountain Home, AR 72654

James W. McCormack, Clerk

Date: 5/4/01

BY: Lorna Jones