IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WELDON KING, ET AL.                                                                    PLAINTIFFS

v.                                    No. 2:99CV00106 GH

MIKE FLETCHER, ET AL.                                                              DEFENDANTS

consolidated with

CHARLES CAGLE, ET AL.                                                               PLAINTIFFS

v.                                    No. 2:00CV00242 GH

MIKE FLETCHER, ET AL.                                                              DEFENDANTS

**ORDER**

On May 11th, plaintiffs filed a motion in limine to not allow the FBI agent, Jill Hill, to testify until records are produced as requested. They relate that a discovery deposition, as allowed by the Court, was taken, but she refused to produce her records upon advice of FBI counsel who was present. Plaintiffs assert that the records of NICB are "missing," the Phillips County records have been "missing," and the Arkansas State Police records are "deleted" as to relevant information. They argue that there were FBI interviews conducted and investigation of the very issues being litigated with the FBI Form "302's" completed by Hill. Plaintiffs request those records as discovery as ordered.

The State defendants responded on January 9th that Hill's refusal to produce documents is insufficient to preclude her testimony on behalf of the State defendants as neither the FBI nor Hill are parties to this action and the State defendants did not refuse to provide any documents to plaintiffs. They recount that Hill's discovery deposition was held as ordered immediately before her videotaped evidentiary deposition on April 28th; plaintiffs have had ample opportunity to attempt written discovery on Hill or to subpoena the documents but have not done so; that Hill's deposition testimony was that the documents she has not disclosed would contain FBI case notes regarding witnesses and suspects and would not contain inspection reports contrary to what State defendants have already provided or opinions contrary to the State defendants and Russell; and that State defendants have provided copies of all NICB records in their possession redacted only to the extent necessary to protect the confidential information as ruled upon by the Court and believe that Phillips County has done the same as well. The State defendants argue that they should not be penalized for the FBI's position with regard to documents in its possession or plaintiffs' failure to diligently seek the disclosure of these documents through this Court.

At the April 6th hearing, the Court ruled that plaintiffs would be able to take a discovery deposition of Hill before the evidentiary deposition or she would not be permitted to testify. However, the Court did not rule that Hill was to produce her records at that time. The Court finds that the State defendants' statement of Hill's deposition testimony and their argument to not penalize them for the FBI's position to be persuasive. Nevertheless, the Court will deny the plaintiffs' May 11th motion (#262) in limine to not allow FBI agent, Jill Hill, to testify until records are produced without prejudice to renew at trial if plaintiffs can present convincing argument that the records they now seek contain information that differs from Hill's deposition testimony.

IT IS SO ORDERED this 11th day of January, 2006.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE