IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WELDON KING, ET AL.                                                              PLAINTIFFS

v.                                   No. 2:99CV00106 GH

MIKE FLETCHER, ET AL.                                                          DEFENDANTS

consolidated with

CHARLES CAGLE, ET AL.                                                           PLAINTIFFS

v.                                   No. 2:00CV00242 GH

MIKE FLETCHER, ET AL.                                                          DEFENDANTS

**<u>ORDER</u>**

At the hearing held on April 6th and as reflected in the April 15th order, the Court granted plaintiffs' motion in limine to allow the jury to view the 1996 Chevrolet truck and other vehicles evidence only as to the Travis vehicle and stated that there should be no problem with using a camera if a schedule could be worked out. The Court added that it would conduct a hearing out of the presence of the jury regarding possession of the other vehicles where the plaintiffs will have the burden of demonstrating that those vehicles are in the same condition. Plaintiffs, at their expense, were to be permitted to transport the vehicle in State Farm's possession to Helena; they were directed to safeguard that vehicle while it was in their possession to assure that no one tampers with or alters the vehicle; and they were directed to return the vehicle where it is being stored at the CoPart Lot near Conway in the same condition as it was when it left State Farm's possession.

On May 4th, an agreed order between plaintiffs and State Farm was filed regarding the pickup truck held by State Farm which basically contains the terms reflected in the April 15th order.

Plaintiffs, on January 9th,[1] filed a motion in limine for jurors to view in Little Rock six vehicles as previously ordered. They argue that plaintiffs do not know the location or the numbers which are claimed secret or confidential and affidavits of the owners that will be produced at trial show no changes. Plaintiffs propose to have their last witness – Arnie Fraze – go with the jury to the separate vehicles in Little Rock to mark the motor, transmission and two frame numbers with "yellow paint" before defendants' expert shows the secret numbers by video camera. They list reasons why the Court should allow the jurors to view the five trucks and why its concerns are protected.

The State defendants responded on January 9th that the motion strays from the original point and focuses on the contention that there are not confidential numbers on the vehicles although the Court has already acknowledged their existence. They continue that plaintiffs can not offer proof that the vehicles are in the same condition as they were when inspected at least seven years ago except for their own testimony whereas State Farm, a neutral party, has maintained that one vehicle. These defendants also vehemently object to the proposed marking of the vehicles as destroying evidence used at the time of the inspections to justify the seizure of the vehicle and address several

---

[1] Apparently, the original motion was received in chambers on January 5th, but it was not received by the Clerk's office for filing until January 9th due to the illness/absence of the Courtroom Deputy Clerk. Counsel were reminded at the April 6th hearing to send all filings directly to the Clerk's office to avoid just this type of delay. The Court once again admonishes counsel to not send pleadings to chambers for filing; only precedents for order should be sent directly to chambers.

of the reasons listed by plaintiffs in their motion. In the alternative, they request that their expert be allowed to inspect the vehicles prior to showing them to the jury.

This motion is premature. The Court stated in April that **a hearing** was to be conducted on the issue and plaintiffs' current submission is insufficient to address the Court's concerns as illustrated by the State defendants arguments. Plaintiffs can raise this issue at the appropriate time at trial.

Accordingly, plaintiffs' January 9th motion (#276) in limine for jurors to view in Little Rock six vehicles as previously ordered is hereby denied without prejudice to be renewed at trial as outlined in the April 15th order.

IT IS SO ORDERED this 13th day of January, 2006.

*George Howard Jr.*
UNITED STATES DISTRICT JUDGE