IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WELDON KING, ET AL.                                                                          PLAINTIFFS

v.                                           No. 2:99CV00106 GH

MIKE FLETCHER, ET AL.                                                                    DEFENDANTS

consolidated with

CHARLES CAGLE, ET AL.                                                                    PLAINTIFFS

v.                                           No. 2:00CV00242 GH

MIKE FLETCHER, ET AL.                                                                    DEFENDANTS

**ORDER**

Pending before the Court is the May 5th motion by Russell in limine to prohibit plaintiffs from making any inquiries or comments regarding the legitimacy of the search of vehicles which were ultimately seized in this case on the grounds that plaintiff never pled that any of the searches were unlawful – only the legitimacy of the seizures.

Plaintiffs responded to the motion on May 16th that the amended complaint alleges both unlawful search and seizure and these issues have been the subject of motions and two appeals including whether there was permission to inspect by voluntary consent. To remove any doubt, they move to amend the complaint to specifically allege that the searches were unlawful in and of themselves and to add facts obtained through discovery regarding the secret and ground off numbers.

The State defendants responded to the motion to amend on June 30th that the complaints and amended complaint have raised claims solely with regard to the alleged unlawful seizure of vehicles

-1-

inspected during the Phillips County chop shop investigation that occurred in the late 1990's and that plaintiff are now seeking to add a claim alleging that their vehicles were unlawfully searched as well.  They argue that there were no new deadlines set to allow amendment or discovery and that thorough discovery on the issue of the searches was not conducted – plaintiff were only asked how their vehicles came to be inspected and whether they consented to the inspections in the course of explaining the facts – because that issue was not before the Court, only whether probable cause existed to seize the vehicles.  The State defendants point to plaintiffs' counsel stating in the April 6th hearing that the plaintiff were not complaining about the searches, but the seizures.  To the argument that the amendment is to conform to the evidence, they contend that the pleadings have not raised a claim for unlawful search and that plaintiffs notified the Court at the April 6th hearing that they did not wish to pursue a claim for unlawful search.

On July 11th, plaintiffs replied that the very issue has been litigated over and over with two appeals on the same issue of the searches and that no additional discovery is required as defendants have always argued that the searched were legal with voluntary consent.

The State defendants supplemented their response on November 10th to submit as an exhibit the applicable pages of the April 6th hearing transcript that "Now, we're not complaining about the searches, we're complaining about the seizures."

On November 28th, plaintiffs filed a further reply that it was absurd to pick out one line in a transcript.  They argue that they are attacking both the searches and seizures, but are only seeking damages for the seizures as the illegal searches tainted the seizures.

On December 14th, the Cagle plaintiffs also moved to file a similar amended complaint to add "search" before "seizure" in various places to clarify.

The State defendants filed a response on December 19th adopting their previous arguments.

Although the April 6th transcript excerpt does reflect plaintiffs' counsel saying that they were not complaining about the searches, a review of the numerous pleadings plainly establishes that the plaintiffs have consistently contended that they did not voluntarily consent to the inspections of their vehicles before the seizures. While the word "search" might not always have been mentioned, the context is unambiguous. For example, the following excerpt from King v. Fletcher, 319 F.3d 345, 348 (8th Cir. 2003), clearly shows that the issue of search was raised:

> First, Appellants argue that their inspections of the vehicles' VINs did not violate Appellees' rights because each vehicle owner consented. Appellants' premise, that the Fourth Amendment protection against unreasonable searches does not apply if the property owner voluntarily consents to the search, is correct. See Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). However, the summary judgment record establishes genuine issues of material fact as to whether each vehicle owner consented and whether those who consented did so voluntarily.

Thus, the Court cannot find that defendants are prejudiced by the proposed amendments which clarify the search issue that has already been the subject of this litigation all these years.

Accordingly, Russell's May 5th motion (#257) in limine regarding the legitimacy of the search of vehicles is denied. Plaintiffs' May 16th motion (#262) and December 14th motion (#274) to amend are granted. As the December 14th motion (#23) to amend filed separately in case 2:00CV00242 GH is a duplicate of #274 and should not have been filed in 2:00CV00242 GH, it is declared moot.

IT IS SO ORDERED this 13th day of January, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE