IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WELDON KING, ET AL.                                                              PLAINTIFFS

v.                              No. 2:99CV00106 GH

MIKE FLETCHER, ET AL.                                                           DEFENDANTS

consolidated with

CHARLES CAGLE, ET AL.                                                           PLAINTIFFS

v.                              No. 2:00CV00242 GH

MIKE FLETCHER, ET AL.                                                           DEFENDANTS

**<u>ORDER</u>**

Pending before the Court is the State defendants' second motion in limine filed on April 21st to exclude, on the ground of hearsay, the June 25, 1999 *Arkansas Democrat-Gazette* newspaper article in which Fletcher allegedly made certain comments to Kristen Everett that is the basis for the slander claim. They argue that the article violates Fed.R.Evid 411 and 802, its eighth paragraph is not relevant, and the probative value is substantially outweighed by the danger of unfair prejudice, confusion and misleading the jury. In the alternative, they ask, if the article is deemed admissible, that the eighth paragraph of the article be redacted.

Plaintiffs responded on May 2nd. They state that Fletcher made remarks to Berry, Spurgers, Police Captain Williams, and Travis that Weldon King was a "thief" and a "crook" and while Fletcher does not admit to the statement nor deny making the statement, he admits to the conversation and "thinking" it. Plaintiffs continue that reporter Kristen Everett moved to North

-1-

Carolina, but efforts to locate her were unsuccessful. They contend that if the newspaper article is not admitted, they most likely cannot prove the slander claim. Plaintiffs point to Fletcher's deposition testimony that he doesn't recall making the statement, although he could have and he believed it to be true in 1999. They assert that the article is not hearsay because it is not being offered to prove the truth of the matter asserted that they were changing VIN numbers and grinding out serial numbers to resell to individuals, but to prove that Fletcher made the statement. Plaintiffs next argue that even if the newspaper article is hearsay, the exception at Rule 807, added in 1997, which provides that a statement "having equivalent circumstantial guarantees of trustworthiness" is not excluded. Here, Fletcher does not deny talking to the reporter or making the statement and admits that he believed true what Everett said he said. As to the eighth paragraph, plaintiffs agree that the suggestion that the paragraph should be redacted has some merit as it is not relevant or has probative value, but the prejudice prong is missing. However, they state they will insure that the paragraph is not mentioned if so ordered redacted. Also filed is the May 2nd affidavit of plaintiffs' counsel with exhibits documenting the effort to locate Everett.

The State defendants rely on the case of Perry v. Kemna, 356 F.3d 880, 889 (8th Cir. 2004), cert. denied, 125 S.Ct. 657 (2004), the relevant portion which is set out below:

> Although Mr. Perry asks us to consider newspaper articles about events involving Judge McGuire unrelated to Mr. Perry's proceedings, those articles were not in the record below and, in any event, are necessarily hearsay, and thus could not properly be before the court.

Also cited by the State defendants is Miller v. Tony and Susan Alamo Foundation, 924 F.2d 143, 147 (8th Cir. 1991)("The newspaper articles, which were rank hearsay and demonstrably inaccurate, did not constitute a basis for recusal.")

The Court is persuaded that the following excerpts from the case of Green v. Baca, 226 F.R.D. 624, 637-639 (C.D. Cal. 2005), provide an excellent analysis of the issue:

> Defendant also moves to exclude evidence of newspaper, television and other media accounts of alleged "over-detentions" by the Los Angeles County Sheriff's Department, as well as media accounts regarding this litigation. Citing Rule 802 of the Federal Rules of Evidence, defendant argues that the content of such accounts is inadmissible hearsay. Larez, supra, 946 F.2d at 642; Pallotta v. United States, 404 F.2d 1035 (1st Cir. 1968). Plaintiff counters that Larez supports his argument that two Los Angeles Times newspaper articles are admissible under the residual hearsay exception set forth in Rule 807 of the Federal Rules of Evidence.
>
> "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(C). Hearsay is not admissible, except as provided by the Federal Rules of Evidence or other rules proscribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed.R.Evid. 802. Rules 803 and 804 of the Federal Rules of Evidence list various exceptions to the hearsay rule. Rule 807 creates a residual exception that allows for the admission of hearsay if the statement is offered as evidence of a material fact, the statement is more probative than any other evidence that the proponent can procure, and the purpose of the rules and the interests of justice will be served by the admission of the statement into evidence. [FN18] Fed.R.Evid. 807.
>
>> FN18. Rule 807 provides: "A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. A statement may not be admitted under this exception, however, unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant." Fed.R. Evid. 807.
>
> Generally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted. See U.S. ex rel. Woods v. Empire Blue Cross and Blue Shield, 2002 WL 1905899, *1, n. 1 (S.D. N.Y. April 19, 2002); In re Columbia Securities Litigation, 155 F.R.D. 466, 474 (S.D. N.Y. 1994) (holding that press reports were hearsay because they were out-of-court statements offered to prove the truth of the matter asserted). Even when the actual statements quoted in a newspaper article

constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem. See Larez, supra, 946 F.2d at 642 (9th Cir. 1991) ("As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem"). Thus, statements in newspapers often constitute double hearsay. See United States Football League v. Nat'l Football League, 1986 WL 5803, *2 (S.D. N.Y. May 16, 1986) (holding that statements of belief by unknown declarants reiterated in a newspaper article constituted hearsay within hearsay).

Plaintiff seeks to introduce two Los Angeles Times articles regarding over-detentions at the Los Angeles County Jail. [Footnotes 19-21 omitted.] The first article, titled "County to Pay Inmates Millions," was written by Times reporters Evelyn Larrubia and Nicholas Riccardi. The second article, titled "Lawyers, Red Tape Stalled End to Illegal Jail Detentions," was written by Riccardi. To the extent plaintiff intends to offer the articles for the truth of the matter asserted, they clearly constitute hearsay. Moreover, to the extent the articles quote statements by other individuals, and those statements are offered for the truth of the matter asserted, they constitute double hearsay. [FN22] See United States Football League, supra, 1986 WL 5803 at *2.

> FN22. The articles are not double hearsay to the extent they repeat statements made by Sheriff Leroy Baca, as such comments would be the admissions of a party opponent. See FED.R. EVID. 801(d)(2). Absent testimony by the reporters, however, the articles' repetition of Baca's statements would present a hearsay problem. See Larez, supra, 946 F.2d at 642 ("The statements' repetition in the newspapers, however, posed a more difficult [hearsay] problem which the district court failed to address").

The question thus becomes whether the articles are nonetheless admissible under the residual hearsay exception of Rule 807. In Larez, supra, the Ninth Circuit considered whether newspaper articles quoting statements by Los Angeles Police Chief Daryl Gates were admissible under the residual hearsay exception of then Rule 803(24). Larez was a civil rights action against the City of Los Angeles, Gates and individual members of the Los Angeles police department. After the jury returned a $90,000 verdict against the individual officers during the first phase of the trial, reporters asked Gates for his reaction. Gates made several damning statements. [Footnote omitted.] Larez, supra, 946 F.2d at 641. The trial court admitted the statements during the second phase of the trial, which addressed, inter alia, Gates' individual liability for compensatory and punitive damages. It found that Gates' out-of-court statements posed no hearsay problem, either because they were the admissions of a party opponent, or because they were not offered for the truth of the matter asserted, but rather to show Gates' state of mind. Id. at 642.

On appeal, the Ninth Circuit held that although the statements themselves were nonhearsay, their repetition in the newspaper created a hearsay problem. Larez, supra, 946 F.2d at 642. The court also concluded that the newspaper articles were not admissible under the residual

hearsay exception of Rule 803(24). Although noting other decisions holding that newspaper articles generally do not have circumstantial guarantees of trustworthiness as required by Rule 803(24), the court concluded that under the " 'extraordinary circumstances' " of the case, where three independent newspapers attributed the statements to Gates, and Gates himself did not dispute the fact that he had made the statements, the reports were trustworthy.  The court also concluded that the statements satisfied Rule 803(24)'s requirements that they be offered as evidence of a material fact, and that the purpose of the evidentiary rules and the interests of justice support admissibility. Id. at 643-44. The court held, however, that the statements did not satisfy Rule 803(24)'s requirement that they be "more probative on the point for which [they were] offered than any other evidence which the proponent can procure through reasonable efforts."  Interpreting the subsection as creating a "best evidence" requirement, the court concluded that admission of the statements "was erroneous because the newspaper quotations were not the best available evidence of what Gates said; testimony from the reporters themselves would have been better." Id. at 644. [Footnote omitted.]

Plaintiff argues that because he plans to call Larrubia and Riccardi to testify, [Footnotes omitted.] he has cured the hearsay problem addressed by the Ninth Circuit in Larez. Plaintiff misinterprets Larez. The Ninth Circuit did not hold that the newspapers articles would have been admissible if the reporters themselves had been called to testify. Rather, the court held only that, because the reporters were available to testify, the articles were not the most probative evidence plaintiff could have procured through reasonable efforts. Larez, supra, 946 F.2d at 644 ("Thus, the error was the failure to take testimony from, and particularly to allow the cross-examination of, the reporters who repeated Gates's comments").

Plaintiff represents that both Larrubia and Riccardo are able and willing to testify. [Footnotes omitted.] Additionally, plaintiff has procured through discovery specific records of the defendant that detail the number of over-detentions at the Los Angeles County Jail. As a consequence, and as was the case in Larez, the articles are not the most probative evidence available of the facts plaintiff seeks to prove. Further, the articles plaintiff seeks to introduce lack the circumstantial guarantees of trustworthiness that are required for admission under Rule 807. Unlike the plaintiff in Larez, plaintiff here has not offered evidence from independent sources corroborating the information recited in the articles. Nor has there been any showing that defendant does not dispute the statements attributed to him in the articles.  See In re Columbia Securities Litigation, 155 F.R.D. 466, 475 (S.D.N.Y.1994) ("Newspaper and magazine articles, however, may nevertheless be introduced into evidence if they are bolstered by supporting evidence that confers some circumstantial guarantees of trustworthiness upon them"). Thus, there are no "extraordinary circumstances" in this case that demonstrate the trustworthiness of the newspaper articles, and warrant their admission.

As the court has found that the two newspaper articles plaintiff wishes to introduce lack circumstantial guarantees of trustworthiness and are not the most probative evidence available, defendant's motion in limine to exclude the newspaper articles is granted.

In contrast to the situation in <u>Green</u>, plaintiffs here have presented evidence that Fletcher is not disputing the statements allegedly made by him in the article. However, the Court is persuaded that the State defendants' motion (#249) in limine should be denied without prejudice to be renewed in the context of the trial when the Court will be in a better position to examine the plaintiffs' supporting evidence as to trustworthiness and to hear argument from the State defendants regarding the residual hearsay exception of Rule 807. Plaintiffs should proceed with caution regarding this article until a final decision is made on admissibility. Nevertheless, the Court agrees, even if the article is ruled admissible, that the article's eighth paragraph must be redacted and no reference made to it.

IT IS SO ORDERED this 17th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE